FRANK J. LENNON CO. v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term.   March 5, 1908.)

1. STREET RAILROADS—COLLISIONS—CARE REQUIRED FOR PROTECTION OF TRAVELERS.

Where a traveler's attempt to cross a street with a car approaching one-half to three-quarters of a block away becomes apparent, the duty of the operators of the car to exercise care and the traveler's right to rely on the performance of that duty attaches.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Street Railroads, §§ 172–182, 219.]

2. SAME—CONTRIBUTORY NEGLIGENCE.

A traveler is not negligent in making use of a street with reliance on the observance of ordinary care by the operators of street cars thereon, though an approaching car is coming rapidly from a more or less distant point; he having a right to expect that care will be exercised in the operation of the car.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Street Railroads, §§ 204–209.]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by the Frank J. Lennon Company against the New York City Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and BISCHOFF, and MacLEAN, JJ.

William E. Weaver, for appellant.

James Eugene Walsh, for respondent.

PER CURIAM. From the evidence it appears that when the driver made his attempt to cross the track the car was from half to three-quarters of a block away. It was at this time, when his attempt became apparent, that the defendant's duty of care attached, as well as the driver's right to rely upon the performance of that duty. It is not to be assumed, from the proof of the speed of the car, that it could not have been slowed or controlled sufficiently to avert the collision by the use of care at the time referred to. Greater promptness and vigilance in the control of a rapidly moving car might well be required than would suffice for ordinary care in the operation of the same vehicle moving slowly, and the plaintiff's driver was not negligent in making use of the street with reliance upon the observance of ordinary care by the operators of cars, notwithstanding that this car was coming rapidly from a more or less distant point. The appellant's contention that the driver took the risk of a close calculation of speeds assumes that the pace of the car was to be negligently continued, as a matter of reasonable expectation; but the driver was entitled to expect the contrary.

The proof quite clearly supported the finding of negligence and of the freedom from contributory negligence, within settled rules of law; and the judgment should be affirmed, with costs.